# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADVENTIST HEALTH SYSTEM/SUNBELT INC. d/b/a Florida Hospital Medical Center,**

      **Plaintiff,**

**-vs-**                                    **Case No. 6:03-cv-1121-Orl-19KRS**

**MEDICAL SAVINGS INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR EXPEDITED REVIEW, FOR LEAVE TO SERVE SUBPOENAS ON THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES AND THE OFFICE OF INSURANCE REGULATION (Doc. No. 147)[1]
>
> **FILED:** April 11, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On April 6, 2005, I entered a protective order precluding Plaintiff Adventist Health System/Sunbelt, Inc. ("Adventist") from issuing a subpoena to the Florida Department of Financial

---

[1] The portion of the motion requesting clarification of an earlier order has been addressed in a separate order.

Services because Adventist did not address the concerns expressed by Defendant Medical Savings Insurance Company ("Medical Savings") that information Adventist sought might be privileged or protected. Adventist now seeks leave to serve subpoenas on the Florida Department of Financial Services and the Office of Insurance Regulation. In its motion, Adventist specifically addresses the privilege and protection issues previously raised by Medical Savings.

Medical Savings opposes the motion, contending that the topics listed in the proposed subpoenas and the documents to be produced are not relevant or likely to lead to the discovery of admissible evidence. It argues that the information sought pertains to a bad faith cause of action, which is not pending in the instant case. It does not, however, again raise the issue of privileges or protections.

After review of the proposed subpoenas, I find that they seek information that is relevant to the pending claims or likely to lead to the discovery of admissible evidence. While some of the information sought does not directly relate to the claims in this case, it may lead to admissible evidence, including "other acts" evidence that may be admissible under Fed. R. Civ. P. 404(b), especially with respect to the misrepresentation claim.[2] While some of the information may be relevant to a bad faith cause of action, it is also discoverable with respect to the present claims. With respect to Medical Savings' arguments that information regarding interpretation of its insurance policies would not be admissible, citing the parol evidence rule, the question of whether the policies at issue here are unambiguous has not yet been addressed by the Court. Accordingly, Adventist is entitled to seek discovery on the interpretation of the policies that may be used if the

---

[2] Rule 404(b) applies in civil litigation. *See, e.g., Jones v. Childers*, 18 F.3d 899, 913 (11th Cir. 1994); *United States v. Hangar One, Inc.*, 563 F.2d 1155, 1158 (5th Cir. 1977).

Court finds it appropriate to consider extrinsic evidence if it is required to interpret the terms of the policies.

It is, therefore, ORDERED that Adventist may serve the proposed subpoenas attached as Exhibits B and C to its motion, provided that the depositions sought by the subpoenas do not exceed the ten depositions Adventist is permitted to take under the applicable rules. The subpoenas shall be returnable and the depositions sought therein shall be conducted on or before May 13, 2005. This order does not preclude the recipients of the subpoenas from filing any motions regarding the subpoenas that they deem appropriate, but such motions should be filed in the United States District Court for the Northern District of Florida, from which Court the subpoenas will issue. Adventist is directed to provide the recipients of the subpoenas with a copy of this Order.

It is further ORDERED that this order, and the pendency of any motions regarding the subpoenas addressed herein, may not be cited or relied upon as a basis for continuing other deadlines in this case. This order does not extend the discovery deadline in this case for any purpose other than conducting the depositions and receiving pursuant to the subpoenas.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties