# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADVENTIST HEALTH SYSTEM/SUNBELT INC. d/b/a Florida Hospital Medical Center,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　Case No. 6:03-cv-1121-Orl-19KRS

**MEDICAL SAVINGS INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S APPEARANCE AT DEPOSITIONS, FOR APPOINTMENT OF A SPECIAL MASTER ON AN EXPEDITED BASIS AND FOR SANCTIONS (Doc. No. 154)
>
> **FILED:** April 18, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff Adventist Health System/Sunbelt, Inc. ("Adventist") seeks an order compelling Beth Imel and Randal Suttles to complete their depositions, both individually and as corporate representatives of Defendant Medical Savings Insurance Company ("Medical Savings"). Although

the time for responding to the motion has not yet passed, I will address it because the discovery completion deadline is fast approaching.

The transcripts of the depositions of Imel and Suttles that were filed with the motion reflect that counsel for Medical Savings terminated the depositions to seek a protective order. *See Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (If a party belies that questions on certain subjects "were so beyond the scope of relevant information as to warrant a refusal to answer questions," it must seek a protective order under Fed. R. Civ. P. 30(d)(3)). The depositions were begun on April 14 and 15, 2005. To date, counsel for Medical Savings has not filed a motion for a protective order. Because discovery closes on April 29, 2005, Medical Savings' termination of the depositions and failure promptly to seek a protective order following the termination of the depositions effectively thwarts Adventist's ability to obtain discovery from Medical Savings through its representatives, Imel, and Suttles.

Adventist asks that I require the depositions to continue in Orlando, Florida, and that I appoint a special master to conduct the depositions. Because the individuals are being deposed, in part, as representatives of a party to this action, I have the authority to require them to appear before this Court for the depositions to be conducted. *See* Fed. R. Civ. P. 26(c)(2). Furthermore, I find that directing the depositions to be conducted before the Court will be the most effective way to address the significant discovery disputes that are likely to arise during the depositions. Because counsel for both parties reside in Florida, the burden of paying for the cost of travel to continue the depositions should rest with Medical Savings, because its counsel terminated the previously scheduled depositions but did not, thereafter, promptly file a motion for a protective

order.  The appointment of a special master is not necessary because I can preside over the depositions.[1]

It is, therefore, **ORDERED** that Beth Imel and counsel for the parties shall personally appear before me on **THURSDAY, APRIL 28, 2005,** from 12:00 noon until no later than 4:30 p.m. for the continuation of her deposition.[2]  It is further **ORDERED** that Randall Suttles and counsel for the parties shall personally appear before me on **FRIDAY, APRIL 29, 2005,** from 9:00 a.m. until no later than 4:30 p.m. for the continuation of his deposition.  Counsel, the deponents, and the court reporter shall make arrangements to eat lunch before Ms. Imel's deposition begins.  They shall bring their lunch to the deposition of Mr. Suttles.  The Court will not permit interruptions of these depositions for extended meal breaks.  It is further **ORDERED** that Adventist shall retain a court reporter to record the depositions.  If lead trial counsel are not available to attend these depositions, other attorneys from the law firms representing the parties shall appear to conduct the depositions in place of lead trial counsel.  Medical Savings must make the witnesses available on the dates, time and place as ordered herein.

It is further **ORDERED** that, during these depositions, counsel must proceed as required by Fed. R. Civ. P. 30(d)(1) and *A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida*.  Because objections to relevance are not waived by failure to make them during the deposition, Fed. R. Civ. P. 32(d)(3)(A), the Court will permit

---

[1] If either party wishes me to preside over other depositions in this case, *see* doc. no. 154 at 6, it should make that request by separate motion.

[2] The motion reflects that Adventist has used approximately 3 1/2 hours of its allotted 7 hours for Ms. Imel's deposition.  Doc. No. 154 at 3.

counsel for Medical Savings to have a standing objection regarding questions that counsel believes address only issues of bad faith failure to pay.

Having required that Medical Savings bear the cost of bringing the witnesses to Orlando to complete the depositions, I will not impose additional sanctions at this time. At the conclusion of the depositions, however, I will entertain a renewed motion from Adventist, which must be filed on or before May 6, 2005, if it can show good cause for imposition of additional sanctions.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties