# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADVENTIST HEALTH SYSTEM/SUNBELT INC. d/b/a Florida Hospital Medical Center,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　**Case No.  6:03-cv-1121-Orl-19KRS**

**MEDICAL SAVINGS INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**　**DEFENDANT'S EMERGENCY REVISED MOTION TO COMPEL DOCUMENTS RESPONSIVE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION (Doc. No. 158)**
>
> **FILED:**　April 18, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Defendant Medical Savings Insurance Company ("Medical Savings") moves to compel Plaintiff Adventist Hospital System/Sunbelt, Inc. ("Adventist") to produce documents responsive

to requests number 2, 3, 4, 5, 6, 8, 9, 10, 18, 19, and 20 of its Second Request for Production.[1]  In a separate order, I granted Adventist protection from producing documents responsive to requests 3, 4, 5, 6, 8, 18, 19, and 20.  Therefore, the motion to compel production of documents with respect to requests 3, 4, 5, 6, 8, 18, 19, and 20 is **DENIED**.

With respect to request 2, I adopt the rationale stated in my ruling on Adventist's motion for protective order directed to that request.  I adopt, as well, my reading of request 2 as limited to documents relating to, or which evidence, the actual cost to Adventist of drugs, medicines, supplies, or other tangible items furnished to Medical Savings' insureds with respect only to claims at issue in this proceeding.  Accordingly, the motion to compel production of documents responsive to request 2, limited to documents relating to, or which evidence, the actual cost to Adventist of drugs, medicines, supplies, or other tangible items furnished to Medical Savings' insureds with respect only to claims at issue in this proceeding, is **GRANTED**.  It is **ORDERED** that Adventist shall produce the documents for inspection and copying, except for responsive documents previously listed on a privilege log furnished to Medical Savings, on or before May 16, 2005.

In request 9, Medical Savings seeks all written communications of Adventist or its affiliated hospitals or subsidiaries with regard to pricing.  Doc. No. 158 at 6.  In request 10, Medical Savings seeks documents related to health care "cost shifting."  Neither request is limited by time or limited to prices or "cost shifting" that may have some relationship to the charges to

---

[1] In the motion, Medical Savings stated that agreement had been reached with respect to requests 7, 14, 15, 21, and 22, but that the agreed documents had not been produced.  I entered a protective order governing the responsive documents on the record at the hearing.  Based on that order, the issues regarding these requests appear to be resolved.

Medical Savings' insureds that are in dispute in this case. As such, the requests are overbroad. It is, therefore, **ORDERED** that the motion to compel documents responsive to requests 9 and 10 is **DENIED.**

    **DONE** and **ORDERED** in Orlando, Florida on May 6, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties