# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ADVENTIST HEALTH
SYSTEM/SUNBELT INC. d/b/a Florida
Hospital Medical Center,

Plaintiff,

-vs-                                              Case No.  6:03-cv-1121-Orl-19KRS

MEDICAL SAVINGS INSURANCE
COMPANY,

Defendant.

_____

# ORDER

This cause came on for consideration after oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS AND FOR SANCTIONS (Doc. No. 179)** |
| **FILED:** | **April 27, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

## I.     Introduction.

In this motion, Defendant Medical Savings Insurance Company ("Medical Savings") seeks

to compel Plaintiff Adventist Health System/Sunbelt Inc. ("Adventist"), through its

representatives, to answer questions it refused or was unable to answer during a deposition taken

on April 20, 2005.  It also seeks to compel Adventist to produce representatives with the most

knowledge regarding topics 5, 6, 8, and 10 of the deposition notice, which individuals were not produced on April 20, 2005. A brief review of the circumstances surrounding the deposition is necessary.

## II.    Relevant History.

The discovery period in this case closed on April 29, 2005, pursuant to the Case Management and Scheduling Order issued by the Court. Counsel for both parties waited until the last month of the discovery period to schedule most, if not all, of the depositions in this case.

On March 16, 2005, counsel for Medical Savings noticed the deposition of Adventist pursuant to Federal Rule of Civil Procedure 30(b)(6) (hereinafter the "Rule 30(b)(6) deposition"). The notice listed thirteen topics on which Adventist was required to present knowledgeable witnesses. However, the notice reserved only one day of seven hours to conduct the deposition. At oral argument, counsel for Medical Savings conceded that he did not ask how many representatives Adventist would produce to respond to the listed topics. The notice also had a *duces tecum* that required Adventist to produce the following documents:

1.    All documents reviewed in preparation for deposition.

2.    All documents upon which the deponent would need to answer questions pertaining to the topics set forth in Exhibit A of Defendant's Notice of Deposition Duces Tecum.

Doc. No. 179 ex. A.

On April 15, 2005, Adventist filed a motion for a protective order regarding topics 5, 6, 8, and 10 of the deposition notice. Doc. No. 152. It sent a letter to Medical Savings' counsel stating that it would treat the *duces tecum* portion of the notice as a third request for production of

-2-

documents, to which a response would be served.  However, it never served a response to the *duces tecum* portion of the notice.  The Court did not rule on the motion for protective order until after the date for the Rule 30(b)(6) deposition.

Adventist produced four representatives at the Rule 30(b)(6) deposition.  Jeffrey Hurst was designated as the person most knowledgeable about topics 1, 3, 7, 11, 12, and 13.  Linda Dauphin was designated as the person most knowledgeable about topic 9.  Danny Myers was designated as the person most knowledgeable about topic 4.  Beth Schmude was designated as the person most knowledgeable about topic 2.  No representatives were produced as to the remaining topics.

Counsel for Adventist was able to complete the depositions of only Hurst, Dauphin, and Myers during the allotted seven hours.  During the depositions of these three representatives, counsel for Adventist occasionally instructed the witnesses not to answer questions that related to subjects that were addressed in the pending motion for protective order and that related to subjects that another witness had been designated to testify about.  Doc. No. 179 ¶ 4.

## III.    Analysis.

Medical Savings' motion falls into four categories: (1) failure to produce witnesses; (2) improper instructions not to answer; (3) failure to prepare witnesses adequately; and (4) sanctions. I will discuss each argument in turn.

### A.    *Failure to Produce Witnesses.*

It is improper to refuse to produce a witness merely because a motion for protective order is pending.  *See, e.g., Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979); *see also* A Handbook on Civil Discovery Practice in the United States District Court for the Middle District

of Florida at 20 ("The mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the requested or scheduled discovery.").   Under the circumstances of this case, however, Medical Savings is not entitled to relief because of the strategic choices it made in scheduling the Rule 30(b)(6) deposition.

Medical Savings waited until the eve of the close of discovery to schedule the deposition of Adventist.  Having little time remaining to conduct all necessary depositions, it scheduled the Rule 30(b)(6) deposition for only one day of seven hours, even though it might have been justified in scheduling one day of seven hours for each representative produced by Adventist.  *See* Fed. R. Civ. P. 30(d) advisory committee's notes, 2000 Amendment ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").  Medical Savings exhausted the allotted day in taking the depositions of other corporate representatives, specifically Hurst, Dauphin, and Myers.  Because the discovery period is now closed, and Medical Savings has not presented evidence that any of the seven hours it allotted for the deposition on April 20, 2005, were not used, no time remains to conduct the deposition of additional representatives of Adventist.  Therefore, the motion to compel appearance of these representatives is **DENIED.**

B.   *Instructions Not to Answer.*

Medical Savings represents that Adventist instructed Hurst, Dauphin, and Myers not to answer questions that were beyond the topics for which each person was designated or that related to information that was the subject of a protective order.  Doc. No. 179 ¶¶ 4-5.  It is, of course,

improper to instruct a witness not to answer a question except "when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1).  Adventist did not file a motion under Rule 30(d)(4), and none of its instructions fall within the categories of preserving a privilege or enforcing a limitation directed by the court.  Therefore, the instructions to the witnesses not to answer were improper.

It is, however, impossible to determine whether Hurst, Dauphin, and Myers should be compelled to answer the questions they were instructed not to answer, because Medical Savings has not quoted the questions and instructions not to answer as required by M.D. Fla. L. R. 3.04(a). The omission is particularly significant because the instructions not to answer were, apparently, made on various grounds.  For instance, to the extent that Adventist indicated that another representative was designated as the person most knowledgeable concerning a particular question, it is the most knowledgeable representative that would be required to answer the question.  To the extent that the question asked for the representative's individual knowledge, rather than the position of the corporation, the question more properly would be placed to the witness in an individual deposition rather than a Rule 30(b)(6) deposition.[1]  Therefore, it is **ORDERED** that the motion to compel Hurst, Dauphin, and Myers to reopen their depositions to answer questions that they were instructed by counsel not to answer is **DENIED.**

C.    *Failure to Prepare.*

Linda Dauphin was designated as the person most knowledgeable about topic 9, which sought information about "[p]reparation of Medical Cost Reports for the last 5 years . . . ."  Doc.

---

[1]  Medical Savings had the option to depose each person, individually, if it wished to  learn the individual's knowledge on various issues.

-5-

No. 179 ex. A.  Medical Savings complains that Dauphin did not bring with her to the deposition

the worksheets and other underlying documents to explain entries in the cost reports.  *Id.* at 10.

The excerpt of Dauphin's testimony attached to the motion does not include the questions that

Medical Savings contends Dauphin could not address because she did not bring documents to the

deposition.  *See id.* ex. C.  Furthermore, the topic asked only about "preparation of" the cost

reports, which is not fair notice that Medical Savings expected the witness to be able to testify

about how each number in each cost report was calculated.  Therefore, the motion to compel

Dauphin to appear at a reopened deposition is **DENIED**.

Jeffrey Hurst was designated as the person most knowledgeable about topic 12, which

sought the facts supporting each contention in the Third Amended Complaint.  Doc. No. 179 ex.

A.  Medical Savings complains that Hurst was not able to explain how Adventist calculated the

damages figure, noting that damages is a contention set forth in the Third Amended Complaint.  It

quotes the questions at issue on pages 5 and 6 of the present motion.

Adventist contends, however, that Beth Schmude was the person most knowledgeable

about individual patient bills in the case.  Doc. No. 192 at 5.  I note, however, that the topic

Schmude was designated to testify about related to procedures to determine what to include in a

bill, not the amount of damages in the case.  *Id.*; Doc. No. 179 ex. A.

Medical Savings is entitled to a witness who can explain the factual support for

Adventist's damages claims. Therefore, the motion to compel Hurst to testify at a reopened

deposition is **GRANTED** with respect only to the factual basis for the contentions in the Third

Amended Complaint regarding damages.  Therefore, it is **ORDERED** that Jeffrey Hurst shall

-6-

appear for a reopened deposition at which he shall be prepared to address the factual basis for the damages contention in the Third Amended Complaint.  It is further **ORDERED** that he shall bring with him all documents necessary to answer questions on the issue of damages.  The deposition will be conducted from 9:00 a.m. until 12:00 noon on Wednesday, May 11, 2005, in my courtroom. Counsel for Medical Savings is responsible for retaining a court reporter to record the proceeding.  The reopening of this deposition does not extend the discovery deadline in this case for any purpose other than completing the deposition.

      D.    *Sanctions*.

When a motion to compel is granted in part and denied in part, the Court may apportion the reasonable expenses incurred in filing the motion among the parties in a just manner. Fed. R. Civ. P. 37(a)(4)(C).  Because the motion was occasioned by Adventist's improper objections and failure to produce witnesses, but the relief requested was, in large part, denied because of Medical Savings' strategic decisions and failure to follow the rules of the Court, I find that each party should bear its own expenses with respect to filing and responding to the motion to compel.

      **DONE** and **ORDERED** in Orlando, Florida on May 6, 2005.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-7-