# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADVENTIST HEALTH
SYSTEM/SUNBELT INC. d/b/a Florida
Hospital Medical Center,**

                               **Plaintiff,**

**-vs-**                                                   **Case No.  6:03-cv-1121-Orl-19KRS**

**MEDICAL SAVINGS INSURANCE
COMPANY,**

                               **Defendant.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF MAGISTRATE'S APRIL 26, 2005 ORDER COMPELLING DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND, ALTERNATIVELY, MOTION FOR LEAVE TO FILE LATE OBJECTION TO MAGISTRATE'S MARCH 17, 2005 ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES (Doc. No. 196)** |
| **FILED:** | **May 4, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

       In this motion, Defendant Medical Savings Insurance Company ("Medical Savings") asks

me to reconsider or clarify my order dated April 26, 2005, doc. no. 176, which required Medical

Savings to serve sworn responses to the First Set of Interrogatories and to produce documents responsive to the First Request for Production served on it by Plaintiff Adventist Health System/Sunbelt, Inc. ("Adventist").  In the alternative, it seeks a protective order relieving it of the obligation to respond to my order, or leave to object belatedly to my March 17, 2005, order, doc. no. 135, which I relied upon in the April 26, 2005, order.  Adventist opposes the motion.  Doc. No. 207.[1]

With respect to the first request for relief, Medical Savings asks that I reconsider or clarify that part of my order "which appears to require MSI to produce those documents that MSI contends would be unduly burdensome to produce and/or those documents that are not reasonably calculated to lead to the discovery of admissible evidence."  Doc. No. 196 at 2.  No clarification of the order is required.  As I explained in the April 26, 2005, order, Medical Savings did not timely assert its objections to Adventist's discovery requests.  It did not timely object to my March 17, 2005, order, which denied the request for an enlargement of time to object to these discovery requests.  Therefore, its objections based on burden and relevance come too late.

"A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.  Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice."  *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

_____

[1]  I note that counsel may have agreed to limit the discovery to be produced in response to my order.  Doc. No. 196 at 16.

-2-

Medical Savings' motion does not meet this "onerous standard." *See id.*   Medical Savings states that the failure to object to my March 17, 2005, order was due to a "mis-communication within the undersigned counsel's office," but it offers no evidence to support its representation. Doc. No. 196 at 2.  It cites no change in the controlling law, and it presents no newly discovered evidence.  Medical Savings does not cite any legal authority for the proposition that the earlier order was clearly erroneous or manifestly unjust.

Furthermore, the Court has already granted Medical Savings some relief from the original order.  I treated a motion for sanctions filed by Adventist as a motion to compel production of sworn answers to Adventist's First Set of Interrogatories and to produce documents responsive to Adventist's First Request for Production.  Doc. No. 176 at 3.  I permitted Medical Savings to withhold responsive documents based only on a claim of privilege, supported by a privilege log, memorandum of law, and an appendix of evidence supporting the claimed privilege, which documents were filed on May 3, 2005.  *Id.* at 3-4.

The request for a protective order is moot because the motion was not timely filed. Medical Savings has not established good cause for failing to file the motion before the date on which I compelled the discovery responses to be produced.  *See, e.g., United States v. Int'l Bus. Mach. Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y 1978).  On April 26, 2005, I ordered Medical Savings to produce the discovery at issue on or before May 2, 2005.  Doc. No. 176.  The motion for a protective order, doc. no. 196, was not filed until May 4, 2005, after the deadline for production of sworn answers to interrogatories and responsive documents had passed.

Medical Savings also asks that I extend the time for filing objections to my March 17, 2005, order, doc. no. 135.  This request is not supported by fact or law.  Furthermore, Medical Savings request for leave to file belated objections comes much too late in the litigation.  The discovery period is closed.  Medical Savings had ample time to seek leave to file objections before the close of discovery.  There is no dispute that Medical Savings' counsel received the March 17, 2005, order.   It was again reminded of the order when Adventist filed a motion for sanctions based on Medical Savings failure to respond to specified discovery requests without asserting objections as directed by the March 17, 2005, order.  Because Medical Savings failed to show good cause for its request to extend the time to object to my March 17, 2005, order, and the request was not timely made, the request to extend the time for objecting to that order is denied

The Court may yet need to determine what sanctions are necessary to persuade Medical Savings and its counsel that they must comply with the orders and rules of this Court.  I am convinced, however, that permitting Medical Savings to reopen earlier discovery orders that it ignored until it faced the possibility of "extreme sanctions" for failure to comply with them would not accomplish that objective.  *See* Doc. No. 176 at 5.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-4-