# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADVENTIST HEALTH SYSTEM/SUNBELT INC. d/b/a Florida Hospital Medical Center,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　Case No.  6:03-cv-1121-Orl-19KRS

**MEDICAL SAVINGS INSURANCE COMPANY,**

        **Defendant.**

___

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**PLAINTIFF ADVENTIST HEALTH SYSTEM/SUNBELT, INC.'S RENEWED MOTION FOR ASSESSMENT OF ATTORNEYS' FEES (Doc. No. 264)**
>
> **FILED:**　June 8, 2005
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

On May 2, 2005, I granted a motion for protective order filed by Plaintiff Adventist Health System/Sunbelt, Inc. ("Adventist"), and I ordered counsel for Defendant Medical Savings Insurance Company ("Medical Savings") to pay the reasonable costs and attorneys' fees incurred by Adventist in connection with filing the motion. Doc. No. 186. Objections to my order have been heard by the presiding district judge, which objections were overruled and my order was

affirmed.  Doc. No. 265.  Accordingly, the motion for assessment of reasonable attorneys' fees and costs is ripe for review.

In my May 2, 2005, order, I explained that Adventist's motion for assessment of attorneys' fees and costs must "be supported by evidence of the reasonable hours worked in the form of contemporaneous time sheets, of the reasonable hourly rate of the attorneys and their staff for whom fees are sought in the form required by *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), and of the costs incurred in the form of receipts or cancelled checks or other payment records."  Doc. No. 186 at 5.

Adventist seeks an award of attorneys' fees in the amount of $2,075.00, but it does not seek an award of costs.  It submitted the time sheets describing the work performed, but it did not present evidence in the form required by *Norman* of the reasonable hourly rate of the individuals for whom compensation is sought.[1]  Rather, it offered only the affidavit of Carol Licko, Esq., counsel of record for Adventist in this case.  In the affidavit, she stated that he has been practicing law in Florida for twenty years, but she provided no information about the skill or experience of G. Cata and J. Geldens, who also performed work for which Adventist seeks compensation.  Furthermore, Licko did not aver that the hourly rates reflected on the time sheets were those actually billed to and paid by Adventist, nor did she present any evidence that these rates are in

---

[1] "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."  *Norman*, 836 F.2d at 1299 (internal citations omitted).

line with rates billed and paid in similar lawsuits to lawyers who practice in central Florida, which is the relevant market.

The Court may determine the reasonable hourly rate based upon its knowledge of the local market. *Norman*, 836 F.2d at 1303. I find, based on the present record, that Licko's reasonable hourly rate in central Florida would be at least $250.00 per hour. Because I have no information about the skill or experience of G. Cata and J. Geldens, however, Medical Savings correctly argues that I cannot establish a reasonable hourly rate for either of them. Therefore, only Licko's time will be compensated.

Medical Savings does not object to any of the time worked by Licko. After review of the time sheet, I find that she reasonably expended the 2.75 hours reflected on the time sheet, doc. no. 264 ex. 1. The lodestar award for her work is, therefore, the total of the reasonable hourly rate ($250.00) multiplied by the reasonable number of hours (2.75) for a total attorney's fee award of $687.50. For the reasons stated in my original order, this amount should be paid by Alan Nisberg, Esq., personally.

It is, therefore, **ORDERED** that Alan Nisberg, Esq. shall tender the sum of $687.50 to counsel for Adventist on or before July 1, 2005.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties