# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADVENTIST HEALTH SYSTEM/SUNBELT INC. d/b/a Florida Hospital Medical Center,**

    **Plaintiff,**

**-vs-**            **Case No. 6:03-cv-1121-Orl-19KRS**

**MEDICAL SAVINGS INSURANCE COMPANY,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR AN ORDER FINDING PLAINTIFF IN CONTEMPT FOR WILLFUL NON-COMPLIANCE, OBSTRUCTION OF DISCOVERY AND FOR SANCTIONS (Doc. No. 229)
>
> **FILED:** May 26, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This motion, like so many others filed in the case, arises largely from counsel's failure to proceed with discovery in a more timely fashion. Counsel reached an agreement on production of documents responsive to requests 7, 14, 15, 21, and 22 of Defendant's Second Request for

Production, apparently subject to entry into a confidentiality agreement.[1]  Counsel were unable to agree on the method of handling confidential documents.  On April 18, 2005, counsel for Defendant Medical Savings Insurance Company ("Medical Savings") filed an "emergency" motion to compel production of documents responsive to various requests in Defendant's Second Request for Production.  Doc. No. 158.  Because Defendant's Second Request for Production had been served in May 2004, I found that the motion was not truly an emergency.  Doc. No. 168.  The response to the motion was filed on May 2, 2005, doc. no. 188.  I held a hearing on the matter on May 3, 2005, during which I articulated the terms of a protective order to facilitate production of the documents Plaintiff Adventist Health Systems/Sunbelt, Inc. ("Adventist") had agreed to produce.  Doc. No. 224 at 15-16.

Medical Savings now seeks an order holding Adventist in contempt for failing to produce documents as agreed.  Adventist correctly responds that I did not order production of documents; I only entered a confidentiality order to facilitate the parties' agreement.  Doc. No. 266 ¶ 15. Therefore, Adventist has not violated an order of this Court if it failed to produce documents it agreed to produce.  As such, it cannot be held in contempt of court.

Medical Savings argues, alternatively, that Adventist must be required to comply with the production agreement by producing the documents now, and that the Court should reopen discovery to permit Medical Savings to conduct additional depositions after it obtains the

---

[1] The terms of such agreement with respect to production of documents are not clear.  Medical Savings asserts that a letter written by its counsel states the terms of the agreement, doc. no. 229 ex. A, but at the hearing on the motion the same attorney stated that "any agreements that the parties thought that they might have had or . . . the resolutions that were reached . . . are by the boards."  Doc. No. 224 at 8.

documents. This is nothing more than a motion to compel, which Medical Savings is well aware is not timely presented. Discovery closed on April 29, 2005. *See* Case Management and Scheduling Order, Doc. No. 43 at 3 ("The Court may deny as untimely all motions to compel filed after the discovery deadline."). The motion to compel being unsuccessful, no basis exists for an award of sanctions.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties