**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ADVENTIST HEALTH**
**SYSTEM/SUNBELT INC. d/b/a Florida**
**Hospital Medical Center,**

         **Plaintiff,**

-vs-                                        **Case No. 6:03-cv-1121-Orl-19KRS**

**MEDICAL SAVINGS INSURANCE**
**COMPANY,**

         **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING DOCUMENTS AND TESTIMONY WITHHELD BY PLAINTIFF, FOR AN ORDER FINDING PLAINTIFF IN CONTEMPT, AND FOR SANCTIONS **(Doc. No. 228)**
>
> **FILED:** May 26, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Medical Savings Insurance Company ("Medical Savings") asks that I reconsider an earlier discovery order in this case in which I found that the agreements between Plaintiff Adventist Health System/Sunbelt, Inc. ("Adventist") and other insurance companies are not discoverable in this case. *See* Doc. No. 199. The motion was filed well after the close of

discovery in this case. Medical Savings contends, however, that it only discovered evidence that Adventist considered agreements between it and other insurance companies were relevant to the determination of whether Adventist's charges for services rendered are "reasonable" at the continuation of the deposition of Jeffrey Hurst, a corporate representative of Adventist, over which I presided on May 11, 2005.[1]

At the deposition, Hurst testified that he considered the charges Adventist bills for services rendered to be reasonable, in part, because "most of the other payors, if not all of the other payors that we do business with, do not have an issue with our charges." Doc. No. 228 ex. A at 67. In response to that answer, counsel for Medical Savings asked Mr. Hurst the following question:

> But aren't most of your contracts with providers, or at least the greatest portion of patient care, with payors that have agreements with the hospitals that are unrelated to the charge master rates?

*Id.* I overruled the objection counsel for Adventist made to this question, stating that Hurst had "opened the door" for inquiry about the rates other payors pay to Adventist for services rendered. *Id.* Thereafter, Medical Savings had a full and fair opportunity to inquire of Mr. Hurst about the rates paid by other payors, and to ask Mr. Hurst to refer to documents, as necessary, to answer those questions.[2] To the extent that Medical Savings did not pursue this line of inquiry, it made a strategic decision that other questions it wished to pose to Mr. Hurst were a better use of the allotted time than seeking information about Adventist's agreements with other payors. Having

---

[1] Because of the repeated, acrimonious discovery disputes between counsel in this case, I required that Mr. Hurst be deposed in my courtroom. I was present throughout most of the deposition, and available at all times during the deposition. I issued rulings on disputed issues when asked to do so by counsel.

[2] I ordered Mr. Hurst to bring with him to the deposition all documents he would need in order to answer questions about Adventist's alleged damages.

failed to take the opportunity to pursue this line of inquiry while I was present and could have ruled on any issues regarding Hurst's obligation to answer follow-up questions and obtain information necessary to answer such questions,[3] Medical Savings has not established good cause for reconsideration of my earlier orders.  *Cf. Johnson v. United States*, No. Civ. A. 1:96CV1757JOF, 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999) ("[I]t is not appropriate to raise new arguments in a motion for reconsideration that could have been raised when the matter was initially before the court.").

Furthermore, Mr. Hurst's answers to questions posed by counsel for Medical Savings did not violate my order prohibiting Adventist from relying upon documents that disclosed its agreements with other payors.  See Doc. No. 199 at 3.  Mr. Hurst was merely answering the questions posed by counsel for Medical Savings.  Medical Savings does not present evidence that Adventist has advanced Hurst's testimony on this issue in support of its claims or to counter the defenses raised by Medical Savings, or that Hurst's testimony was based on his knowledge of the terms of agreements with other payors that have not been disclosed to Medical Savings.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[3] For instance, Hurst testified in response to some questions that the managed care department of Adventist would have information about negotiated contracts with other payors. *Id.* ex. C at 71. Counsel for Medical Savings did not request that I order Hurst to obtain the information necessary to answer those questions.